Dunkin, Ch.
delivered the opinion of the Court.
The Planters and Merchants Steam Boat Company was incorporated in December, 1837, and went into operation in *315 1838. The defendant was appointed President, and general agent for the purchase of a boat, and for the entire manage-1 naent and superintendence of the business. He continued in that office until January, 1841, and, in July of that year, the company appears to have been dissolved.
Bail. Eq. R. 226.
2 H511 c R ’
Cheves’ Eq/R. 189-
This bill was filed by the stockholders against the defendant (who was also a stockholder of rather more than a third of the capital) for an account. His salary was six hundred dollars per annum. The cause had been referred to the Commissioner, and several questions arose on exceptions to his report.
The principal objection was because the Commissioner had admitted in evidence, to establish certain charges of the defendant, the books called the books of the company, day-book, journal and ledger, and also a small .book marked (A.) kept by the defendant. This exception was overruled by the Chancellor, and constitutes the first ground of appeal.
The general rule is that the best evidence, of which the case is susceptible, must be adduced. Merchant’s books are admitted in evidence to prove the sale of goods or merchandize, and this was, in some sort, from necessity, but they are never allowed to prove cash loaned, or money paid. But the rule on this subject, and the reason of it, are distinctly stated in Rowland v. Martindale, and we do not desire to depart from it. “As a general rule,” says Mr. Justice Johnson, “there can be no question but that an agent must prove his disbursements by strictly legal evidence. No man of business pays money without evidence of the fact, other than his own knowledge; and the accountability of the agent renders it still more necessary to take and preserve satisfactory vouchers of his payments. With proper attention it is always in his power to do so, and it ought never to be dispensed with.” The case of the Assignees of Keenan v. administrator of Price, is then noticed, and the reason of the exception stated. But the books here tendered constitute no exception. They are not what are properly called corporation books, which record the proceedings of the corporation, but they are no more than the books kept by an agent showing his transactions as such. It is said in the decree, that book (A.) “ contains the only account of the disbursement of the original stock.” How can it •be said that this is the best evidence of the disbursement of twenty thousand dollars % Kerr v. the Steam Boat Company, was a case between the company and their agent. The assumption of jurisdiction by the Court of Equity is there based upon the principle that the agent must be prepared to prove every charge that he has made, and, in consequence of this, he is entitled to the facilities of accounting afforded by the practice of the Court of Equity. If the books, such as those now offered, were evidence for the agent, he would require no aid *316 from the Court of Equity. But we think also that the practice in this State is in accordance with the practice in Westminster Hall, as stated by Chancellor Harper, that the agent “ discharges himself by his affidavit, without voucher, when the amount of the item is under 40s.”
The next ground of appeal is because the defendant had forfeited his compensation as agent.
This ground is entirely too general. It was due both to the defendant and to the Court that the causes of forfeiture should be specifically set forth. But the reply is that the defendant was continued from year to 'year as agent, and ultimately withdrew voluntarily from the office. If there existed general dissatisfaction with his conduct, it was in the^ower of the company to have removed him.. If he has caused any specific loss to the company it should have been alleged and substantiated, and his liability would depend on the proof.
The 6th and 7th grounds of appeal may be considered together. The defendant was the general agent of the company. — all subordinate agents were responsible to him. Thus the defendant says in his answer, that Barden’s account was settled with Mowry, but “ was revised by the defendant.” The company looked to their president and general agent. It was his duty to see that the debts due to the company were collected, and he must shew that he exercised ordinary diligence for that purpose. Of course it is not meant to be said that he is responsible for bad debts, or for the negligence or faithlessness of agents whom he necessarily employed.
But as the defendant is responsible to the other stockhold- ’ ers, and two of the complainants, Smith Mowry and Brown Bryan, who have called him to account, had extensive transactions for the company, it is proper that they should account for those transactions, in order to enable the defendant to render more complete and satisfactory the account of his general agency. In view of this accountability, the defendant, at a previous stage of these proceedings, moved, unsuccessfully, for an order to that effect. This Court is of opinion that, as between them, the defendant is entitled to such order, and it is hereby so directed.
The Court has considered the exception in regard to Lubbock’s note, and are satisfied with the views presented by the Chancellor,
No exception whs taken to the Commissioner’s report in relation to the unauthorized employment of the boat on the coast of Florida. It should have been made a specific charge, and an opportunity thereby offered to the defendant to justify, or exculpate, himself.
The only remaining question is in relation to the costs, and as, from the view taken by the Court, the accounts must necessarily be remanded to the Commissioner, the decree on that *317 point is opened, and the question of costs reserved until the f r .it. jz t 7 hearing on the final report.
It is ordered and decreed, that the report be recommitted to the Commissioner, for the purpose of hearing testimony and stating the account upon the principles of this decree — on all matters not hereby otherwise ruled the decree of the Circuit Court is affirmed.'
JohnstoN, Ch. and Caldwell, Ch. concurred.

Decree modified.